No. 773　　　　　　　August 12, 2026　　　　　　　235

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

John WALSH,
*Petitioner-Appellant,*
*and*

Ecaterina BEJANU,
*Respondent-Respondent.*

Deschutes County Circuit Court
13DS0040; A183493 (Control)

In the Matter of the Marriage of

John A. WALSH,
*Petitioner-Appellant,*
*and*

Ecaterina BEJANU,
*Respondent-Respondent.*

Deschutes County Circuit Court
20DR21606; A183494

Alicia N. Sykora, Judge.

Argued and submitted October 06, 2025.

George Kelly argued the cause and filed the briefs for appellant.

Laura Graser argued the cause and filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Husband appeals from a judgment dissolving the parties' marriage, assigning error to the property division as it relates to one asset, a home acquired by wife during the period between the parties' legal separation and their divorce. Specifically, husband contends that the trial court erred in failing to award him a portion of the appreciation in the home that accrued between the time wife acquired the house during the parties' legal separation and the date of dissolution. In his first assignment of error, husband asserts that the trial court made a factual error in determining that money husband paid to wife, which she then applied to the mortgage on the home, was for husband's past and future obligations under the parties' separation judgment and that the parties did not intend to give husband an interest in the home. In his second assignment, husband asserts that the trial court committed legal error in failing to apply the rebuttable presumption of equal contribution to the home.

Husband requests that we exercise our discretion to review the trial court's ruling *de novo*. We decline to do so, as this is not an exceptional case in which *de novo* review would be appropriate. *See* ORS 19.415(3)(b) (providing this court with discretion to conduct *de novo* review in equitable cases); ORAP 5.40(8)(c) (*de novo* review is appropriate only in exceptional cases). Accordingly, in reviewing the dissolution judgment, "we are bound by the trial court's factual findings if they are supported by any evidence in the record, and we review the court's legal conclusions for errors of law." *Kirkpatrick and Kirkpatrick*, 248 Or App 539, 541 n 1, 273 P3d 361 (2012); *see also Kaptur and Kaptur*, 256 Or App 591, 596 n 2, 302 P3d 819 (2013) (same). We review the trial court's ultimate determination as to the just and proper division of property for an abuse of discretion. *Id.*; *Wilkins and Wilkins*, 318 Or App 798, 804, 510 P3d 227 (2022). "We will not disturb a trial court's ultimate determination of what property division is just and proper unless the trial court misapplied the statutory and equitable considerations required by ORS 107.105(1)(f); determining what is just and proper in all the circumstances is a matter of discretion."

*Van Winkel and Van Winkel*, 289 Or App. 805, 810, 412 P3d 243, *rev den*, 363 Or 224 (2018). As explained below, we conclude that the evidence supports the trial court's findings as to the parties' intentions with respect to the purpose of the funds that husband transferred to wife, and that the trial court did not commit legal error and did not abuse its discretion in concluding that husband was not entitled to a portion of the appreciation in wife's home acquired during the separation. We therefore affirm.

We state the facts in a manner consistent with the trial court's express and implied findings, supplemented with uncontroverted information from the record. *Stuart and Ely*, 259 Or App 175, 177, 313 P3d 317 (2013). The parties were married in 2009 and lived in a home in La Pine, Oregon, which husband brought into the marriage, along with its furnishings. Husband also owned an airplane and airplane hangar. The parties had a daughter, age 12 at the time of trial. The parties legally separated in 2013. During the marriage and separation, the parties maintained separate checking accounts and did not file joint tax returns.

The judgment of separation provided that the parties were to split equally any proceeds from the sale of the La Pine home and husband's airplane and hanger. Wife was also awarded $5,500 for reimbursement of expenses she had paid and $1,500 per month in spousal support for 27 months, both subject to the accrual of interest. Husband was required to continue wife's car payments on her 2013 Ford Explorer, and to pay wife's automobile insurance. The separation judgment also required husband to pay $879 per month in child support, to provide the child with health insurance, and to pay the child's private school tuition.

Despite their separation, husband, a practicing attorney, and wife, a nurse, continued to live together, in separate parts of the La Pine home. Wife understood the joint living arrangement to benefit the child's relationship with husband.

In 2015, the parties sold the La Pine home, netting proceeds of $210,500. Under the separation agreement, the parties were to split those proceeds. The parties allocated

$5,500 of that amount to wife as payment of husband's obligation under the separation judgment. The parties placed the remaining proceeds, $205,000, into wife's account.

In January 2016, husband found a home in Bend that wife agreed to purchase. Wife purchased the home in her name only, and she alone is on the title and the mortgage. With husband's agreement, wife applied to the purchase price of the Bend house the full remaining proceeds of the sale of the La Pine home, including husband's share.

There is evidence that the parties never discussed why husband agreed to let wife apply his share of the La Pine proceeds to the purchase of the Bend house. Husband testified that he applied his share of the La Pine home proceeds to the purchase of the Bend home because he was attempting to shelter those funds from his personal tax and medical liabilities, and that he allowed the house to be held in wife's name only because she had better credit:

> "[T]here were several reasons at that time why I did that. One was that I had a potential tax liability at that time and I didn't want that to be an issue *** . Number two, I *** had a substantial unpaid medical bill that had adversely affected my credit. And because of that, the interest rate was actually going to be lower with just [wife] on it[.]"

Wife testified that she was not exactly sure of husband's rationale for allowing her to apply his share of the La Pine proceeds to the purchase of the Bend house but that he had told her he wanted their child to live in a house and not an apartment. Wife also speculated that the money could have been intended by husband as payment for delinquent support and for future support. Wife testified that husband never suggested that his contribution would give him an interest in the house. Wife testified further that she would not have allowed that.

Later, upon the sale of his airplane and hangar, husband paid wife $60,000. Wife applied approximately $51,000 of that amount to the Bend house mortgage and repaid the balance to herself for amounts she had paid that she believed husband had owed for insurance.

For approximately two and a half years, until 2018, the parties lived together in separate parts of the Bend house. Husband did not pay rent but paid some household expenses. He testified that he contributed to the parties' finances by paying the home's utilities, wife's phone bill and automobile insurance, and groceries. He also testified that he paid for window coverings, new appliances, and improvements to the yard.

Husband filed for divorce in 2024. The house had appreciated considerably from the date of purchase, increasing more than $400,000 in value. Husband, who practiced domestic relations law, represented himself at trial. With respect to the property division, husband sought to be awarded $100,000 of the appreciation of the Bend home, asserting that his financial contributions—the initial contribution of proceeds of the La Pine house sale, the $60,000 from the sale of the airplane and hangar, and the improvements, justified a share of the appreciation.

The trial court declined to award husband any of the appreciation. Ruling from the bench, the court expressed frustration with husband's failure to provide documentation or evidence (other than his own testimony) of the amounts he paid to wife or the purposes for which he made the payments. The court thus accepted wife's explanation that husband's contributions were not intended by the parties to give husband an interest in the house, and that, under the separation judgment, husband owed wife more than the amounts he had paid. The court explained:

> "[D]ue to the Court's very difficult situation given that husband will not provide evidence in the forms of documents, the Court will find in favor of [wife], which is what [wife] has been testifying to, that the payments he made to her were in fact for spousal child support and other debts, even though this comes out to harm her in that it's less money than she is owed, the Court will conclude that, based on what [wife] has testified, it'll be a wash, he does not owe any more back spousal support, back child support through November 1, 2023, he does owe going forward[.]"

The general judgment of dissolution states that amounts paid to wife by husband that wife applied to the

Bend house mortgage were for amounts owing under the separation judgment.[1]

On appeal, husband contends in his first assignment of error that the trial court erred in its factual determination that husband's payments to wife were to satisfy his obligations under the separation judgment and were not intended to give him an equity interest in the Bend house. Husband contends that the court's determination is not supported by the evidence, asserting that the court disregarded evidence of husband's contributions:

> "[I]n sum, he testified that he contributed $102,000 towards the down payment, that he contributed $60,000 to paying down the mortgage, and he contributed significant sums towards improvements, including fencing, a sprinkler system, replacement of the garage door, for window shades, and for a play structure."

Husband argues that the trial court's finding that the payments were for spousal and child support—both past and future—disregarded husband's testimony as to the reasons he gave the funds to wife:

> "This finding was made even though husband's actions—having his share of the La Pine money placed in wife's account, his agreeing that [the Bend house] would be put in wife's name, and his so setting up the financing that the [Bend house] mortgage would be in wife's name only—are reasonably explained (husband was avoiding IRS and medical liens on the money, and wife had better credit)."

Wife responds that those well could have been husband's reasons for giving her the funds, but that did not require

---

[1] The judgment states:

"Husband claimed an interest in the [Bend] home. Under the Separation Judgment, Husband was required to make certain payments to Wife, including child [support] and a property award. There is evidence that Husband made some payments to Wife, but Husband did not provide evidence other than his testimony that the payments were for anything other than the amounts owing under the Separation Judgment. The amount owing under the Separation Judgment for child support, spousal support, and property award (not including amounts owed for interest, medical insurance and [the child's] medical expenses) exceeds the amount that Husband has paid to Wife. The court, therefore, finds that these payments were for amounts owing under the Separation Judgment and were not intended as contributions to Wife's home."

the court to find that husband provided those funds so as to acquire an interest in the Bend house.

We agree with wife that the evidence supports the trial court's finding that the funds were contributed by husband not to create an interest in the Bend home but to satisfy husband's past obligations under the separation judgment. There is no evidence that the parties ever discussed or that husband expressed to wife an interest in sharing ownership of the Bend house. Notably, among the reasons husband gave at trial for giving wife the funds, he did not list acquiring an interest in the Bend house. Further, although, by husband's calculations, the payments he made exceeded the principal sums he owed under the separation judgment by some $50,000, husband's calculations do not include interest, to which wife was entitled under the separation judgment. And there is evidence supporting the trial court's determination that the funds were provided to wife to satisfy husband's support obligation. The record does not demonstrate error in the trial court's findings.

We next address husband's contention in his second assignment of error that, in assigning to wife the full value of the Bend house appreciation, the trial court failed to consider the rebuttable presumption of equal contribution to which he was entitled as to the Bend house, an asset acquired during the marriage.

The division of marital property upon dissolution of the marriage is governed by ORS 107.105(1)(f), which provides, as relevant:

"(1)   Whenever the court renders a judgment of marital annulment, dissolution or separation, the court may provide in the judgment:

"* * * * *

"(f)   For the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances."

"* * * * *

"(D)   * * * [T]here is a rebuttable presumption that both parties have contributed equally to the acquisition of

property during the marriage, whether such property is
jointly or separately held."

Husband is correct that, as an asset acquired by wife during
the marriage, the Bend house was a marital asset subject
to the rebuttable presumption of equal contribution upon
dissolution. *Kunze and Kunze*, 337 Or 122, 134, 92 P3d 100
(2004). The presumption of equal contribution applies to
assets acquired during the time between separation and
dissolution. *Taraghi and Spanke-Taraghi*, 159 Or App 480,
493, 977 P2d 453 (1999). "The spouse disputing the pre-
sumption of equal contribution has the burden of proving
by a preponderance of the evidence that it is more probable
than not that the other spouse did not contribute equally to
the acquisition of the property." *Stice and Stice*, 308 Or 316,
326, 779 P2d 1020 (1989) (emphasis in original).

But we reject husband's contention that the trial
court did not consider the presumption. Wife's counsel's
trial memorandum and opening statement included argu-
ment that the evidence would show that the presumption of
equal contribution had been rebutted. And in closing, wife's
counsel argued that husband's payments were not contri-
butions to an interest in the home; rather, counsel argued,
the payments were to satisfy husband's obligations under
the separation judgment. Wife's arguments thus explicitly
placed before the court the question whether the evidence
rebutted the presumption of equal contribution to the Bend
house.

Husband made no response to that argument and
made no argument at trial. He only testified that, in light of
his financial contributions and the assets he brought to the
marriage, it would be unfair to award wife the full value
of the house, and he asked to be awarded $100,000 as an
equity share in the appreciation to be "earmarked" for the
parties' child.

The court thus had before it only wife's contention
that the presumption had been rebutted. It is true that in its
discussion of the property division (which related only to the
Bend house), the court did not use terminology of presump-
tion, but that was not required. The court's discussion of the
property division demonstrates that the court considered

and accepted wife's contention that the presumption had been rebutted.

Having explicitly found that husband's payments to wife were for the purpose of satisfying his obligations under the separation agreement rather than acquiring an interest in the Bend house, and having awarded all of the appreciation to wife, the trial court implicitly determined that, as argued by wife, the presumption of equal contribution had been overcome. The trial court's findings are supported by the evidence. Thus, we reject husband's argument in his second assignment that the trial court erred in failing to consider the presumption, and we need not remand the case for the court to address that issue.

Even when the presumption of equal contribution has been rebutted, under ORS 107.105(1)(f), a court must divide all marital property, including marital assets for which the presumption has been rebutted, in a manner that is "just and proper in all the circumstances." *Kunze*, 337 Or at 135 (even when a party successfully rebuts the presumption, the court decides how to make a just and proper distribution of all marital property, including the property for which the presumption has been rebutted); *Pierson and Pierson*, 294 Or 117, 122, 653 P2d 1258 (1982). Husband contends that, despite rebutting the presumption of equal contribution, in light of husband's contributions to the parties' finances during the period of marriage and separation, the court's failure to award husband a portion of the appreciation in the Bend home was not just and proper and was an abuse of discretion. We conclude that there was no abuse of discretion.

Affirmed.